IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01712-RMR-CYC

NIKKI BROWN,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA, and
RYAN GONZALES,

    Defendants.

---

## ORDER
---

**Cyrus Y. Chung, United States Magistrate Judge**.

    Contending that defendant the United States of America's motion to dismiss, ECF No. 35, includes documents that go beyond such a motion's scope, plaintiff Nikki Brown seeks to convert the motion into one for summary judgment. ECF No. 47. Because the plaintiff's attack hits its target only as to the portion of the motion invoking sovereign immunity to argue a lack of subject matter jurisdiction, the Court grants the plaintiff's request in part. The plaintiff also contends that she is entitled to discovery and an evidentiary hearing on the motion to dismiss. ECF No. 46. But she fails to establish that pertinent facts bearing on the question of jurisdiction are controverted or that a more satisfactory showing of the facts is necessary; she also fails to meet the requirements of Rule 56(d). That motion, therefore, must be denied.

## BACKGROUND

    According to the complaint, on or about November 9, 2022, the plaintiff was working at the Denver Mint when defendant Ryan Gonzales, an on-duty U.S. Mint Police Officer,

physically restrained, sexually penetrated, and sexually assaulted her without her consent. ECF No. 1 ¶ 1. As a result, the plaintiff brings claims of premises liability; negligence; negligent hiring, training, supervision, and retention; negligent entrustment; and vicarious liability/respondeat superior against the United States and a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for a violation of Fourth Amendment rights against Gonzales, all under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. ECF No. 1 ¶¶ 16-187.

On September 24, 2024, the United States filed a motion to dismiss. ECF No. 35. That motion argues, pursuant to Fed. R. Civ. P. 12(b)(1), that the Court lacks subject matter jurisdiction because the plaintiff's claims are premised on discretionary functions of federal employees. ECF No. 35 at 7–15. The motion also contends that the plaintiff failed to exhaust administrative remedies, *id*. at 16–19, and failed to state claims on which relief can be granted under Fed. R. Civ. P. 12(b)(6). ECF No. 35 at 19–25. In support of the motion, the United States attached three declarations, each with attachments: first, a declaration with (a) an October 20, 2007 memorandum bearing the subject "Disciplinary and Adverse Actions," (b) a document identified as "Article 31 of 7th National Agreement," (c) Mint Directive EEOCR-003-2017, and (d) Mint Directive 1614-003 attached; second, a declaration with Mint Directive MD 11003.39 attached; and third, a declaration with the plaintiff's memorandum in support of the Standard Form 95 she used to submit her initial administrative claim to the U.S. Mint attached. ECF No. 35-1.

The motion to convert, ECF No. 47, and the plaintiff's motion requesting discovery and an evidentiary hearing, ECF No. 46, followed.

## ANALYSIS

Motion to Convert

The plaintiff seeks to convert the United States' motion to dismiss into a motion for summary judgment.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party contending that a federal court lacks subject matter jurisdiction can seek dismissal under Federal Rule of Civil Procedure 12(b)(1). *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). The moving party may so seek in two ways: (1) facial attack or (2) factual challenge. *Equal Emp. Opportunity Comm'n v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1361 (D. Colo. 2023). "A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). "When," as here, "a defendant brings a factual attack, a district court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Id.* (quoting *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)). Thus, "[a]s a general rule, a 12(b)(1) motion may *not* be converted into a Rule 56 motion for summary judgment." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002). But "if 'resolution of the jurisdictional question requires resolution of an aspect of the substantive claim,' reference to evidence outside of the pleadings converts the motion to one under Rule 56." *Coal. for Sustainable Res., Inc. v. U.S. Forest Serv*. 259 F.3d 1244, 1249 (10th Cir. 2001) (quoting *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000) (per curiam)).

That is the case here. The United States' motion to dismiss relies on the discretionary-function exception to the FTCA's general waiver of sovereign immunity. That exception is "for

3

claims 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997) (quoting 28 U.S.C. § 2680(a)). "If the discretionary function exception applies to the challenged governmental conduct, the United States retains its sovereign immunity, and the district court lacks subject matter jurisdiction to hear the suit." *Id.* The plaintiff cites no authority specifically addressing the exception and Rule 12(b)(1), but the Tenth Circuit has held repeatedly that "[t]he determination of whether the FTCA excepts the government's actions from its waiver of sovereign immunity" under the discretionary-function exception "involves both jurisdictional and merits issues." *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997); *see Blackburn v. United States*, No. 20-8005, 2021 WL 3027979, at *2 (10th Cir. July 19, 2021) (unpublished); *Awad v. United States*, 807 F. App'x 876, 878 (10th Cir. 2020) (unpublished); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129–30 (10th Cir. 1999); *Tippett*, 108 F.3d at 1196 (holding that to resolve discretionary-function issue, court "was required to convert the government's 12(b)(1) motion into a Rule 12(b)(6) motion or a Rule 56 motion for summary judgment"). As a result, conversion is appropriate.

      The United States does not acknowledge this case law. Instead, it contends that because the plaintiff points out no genuine issue of material fact with respect to the discretionary-function exception, no conversion to summary judgment is warranted. ECF No. 52 at 7–8. The suggestion has little to commend it. Evaluating a summary-judgment motion ascertains whether "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Evaluating whether a motion should be weighed by that scale cannot use the very same scale. Nor is this a case in which the parties have agreed that the summary-judgment standard does not apply, *Clark v. United States*,

4

695 F. App'x 378, 382 n.2 (10th Cir. 2017) (unpublished), or one in which a determination of the materiality of certain facts has already been made, *Lopez v. United States*, 376 F.3d 1055, 1061 (10th Cir. 2004), such that the case law the United States cites in support of its argument, ECF No. 52 at 8, would apply.

That leaves the question of the scope of conversion. "A court may convert only part of the motion to dismiss into one for summary judgment." *Dickerson v. United Parcel Serv., Inc.*, Civ. No. WMN-15-2, 2015 WL 3889975, at *2 (D. Md. Jun. 23, 2015). Here, the appropriate part is the United States' Fed. R. Civ. P. 12(b)(1) argument premised on the absence of a waiver of sovereign immunity. *See, e.g., Martin v. United States*, 2022 WL 2274706, at *2, 10 (D. Colo. Jun. 23, 2022) (noting potential conversion of Rule 12(b)(1) portion of motion to dismiss to motion for summary judgment and holding that discretionary-function portion of motion to dismiss would require such conversion for resolution). That argument relies on the documents the United States attached to its motion to dismiss; the arguments regarding administrative remedies and Rule 12(b)(6) arguments do not. ECF No. 35 at 16–25. The plaintiff speculates that the Court might use the documents in support of dismissing claims on Rule 12(b)(6) grounds, ECF No. 56 at 3–4, but the Court is capable of keeping its Rule 12(b)(6) analysis distinct. As a result, those portions need not be converted.

In short, an assertion that the federal officials in this case exercised discretion in their decision-making, divesting this Court of jurisdiction under the FTCA, is an inquiry linked to the merits of the case. It therefore requires conversion to summary judgment.

5

Motion for Discovery and Evidentiary Hearing

The plaintiff next seeks discovery pursuant to Fed. R. Civ. P. 56(d)[1] and 12(b)(1) and requests an evidentiary hearing. ECF No. 46 at 1, 7. Under either rule, though, she fails to meet her burden.

When a defendant moves to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), a court may grant discovery requests for jurisdictional issues. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020). "Although a district court has discretion in the manner by which it resolves an issue of subject matter jurisdiction under Rule 12(b)(1), a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "Prejudice exists where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Dental Dynamics*, 946 F.3d at 1233. "The party seeking discovery bears the burden of showing prejudice." *Id*.

Here, the plaintiff seeks discovery regarding Gonzales's prior incidents of sexual misconduct, contending that it will shed light on the application of a certain Policy Directive 810-02 that she attached to her response to the motion to dismiss, ECF No. 45-2. *See* ECF No. 55 at 1–2; ECF No. 46-1 ¶ 4. But the plain language of Policy Directive 810-02 applies only to employees of the Office of the Inspector General of the Treasury Department, not employees of the Denver Mint. Therefore, there is no need to develop additional facts around its application.[2]

---

[1] The plaintiff cited Rule 56(f), ECF No. 46 at 9, but for fifteen years, Rule 56(d) has "carrie[d] forward . . . the provisions of former subdivision (f)." Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment.

[2] The plaintiff's citation to Policy Directive 810-02 in her reply, ECF No. 56 at 8 n.5, does not comply with D.C.COLO.LCivR 7.1. It offers a quotation supposedly from that directive without

6

The plaintiff also argues that United States Mint Directive 1614-03's indication that the Mint does not tolerate sexual harassment, ECF No. 35-1 at 30, provides a vehicle to allow discovery into Gonzales's past. But it is unclear how facts about that conduct implicates whether federal officials had discretion in how they addressed that conduct. After all, the discretionary-function exception applies "'whether or not the discretion involved be abused.'" *Tippett*, 108 F.3d at 1196 (quoting 28 U.S.C. § 2680(a)). The plaintiff, in conclusory fashion, offers that she expects discovery to reveal relevant, disputed issues of fact, ECF No. 55 at 3, but "pure speculation as to the existence of helpful facts is insufficient, as a matter of law, to constitute . . . prejudice." *Dental Dynamics*, 946 F.3d at 1234; *see LYSTN, LLC v. FDA*, No. 19-cv-01943-PAB-KLM, 2020 WL 5513409, at *9 (D. Colo. Sept. 14, 2020) (denying two motions for jurisdictional discovery); *First Magnus Fin. Corp. v. Star Equity Funding, L.L.C.*, No. 06-2426-JWL, 2007 WL 635312, at *10 (jurisdictional discovery not required when movant has not adduced reason to disbelieve statements in proffered affidavits ). Therefore, the plaintiff fails to establish that pertinent facts bearing on jurisdiction are controverted or that a more satisfactory showing of the facts is necessary.

In short, the plaintiff "sets forth no argument demonstrating facts in dispute that would render the denial of additional discovery prejudicial." *LYSTN, LLC*, 2020 WL 5513409, at *9. She does not seek discovery related to whether Denver Mint employees had discretion regarding how or whether to discipline Gonzales. Nor does she argue that the facts offered by the United States are controverted. There are no grounds, then, to grant jurisdictional discovery.

---

any specific citation within the document. For aught that appears, the quotation is nowhere in the document. *See* ECF No. 45-2.

Invoking Rule 56(d) compels no different result. "To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017).

The affidavit of plaintiff's counsel does not do so. Again, the plaintiff seeks discovery regarding Gonzales's prior incidents of sexual harassment. ECF No. 46-1 ¶ 4. The affidavit avers that such facts are vital to both subject-matter jurisdiction and the merits of the case. *Id.* ¶ 6. The latter is obvious. But it is far from clear how information about prior incidents involving defendant Gonzales rebuts the United States' argument it has not waived sovereign immunity. Bare ipse dixit to the contrary, ECF No. 46-1 ¶ 8; ECF No. 46 at 13; ECF No. 55 at 3, does not meet the requirements of Rule 56(d). *Cerveny*, 855 F.3d at 1110 ("[T]he affidavit did not . . . explain how additional discovery would rebut Aventis's preemption defense."). The plaintiff fails, then, "to present a sufficient factual predicate to support [her] argument that subject matter jurisdiction can be established through additional discovery." *LYSTN, LLC*, 2020 WL 5513409, at *9.

To be sure, "[r]equests for further discovery should ordinarily be treated liberally," but "relief under rule 56(d) is not automatic." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021). "And Rule 56's provision allowing a non-moving party to seek additional discovery before disposition on a motion for summary judgment is not a license for a fishing expedition." *Id.* (quotation marks omitted). To the extent she hopes for facts impacting jurisdictional issues, that is what the plaintiff appears to do here. To the extent she seeks

8

discovery relevant to her claims' merits, that is not the purpose of Rule 56(d). Instead, "Rule 56(d) only permits discovery related to 'information that is essential to [the] opposition' of the summary judgment motion." *W. Sugar Coop. v. Dorn*, No. 20-cv-00956-PAB-KLM, 2021 WL 37672, at *2 (D. Colo. Jan. 5, 2021) (quoting *Cerveny*, 855 F.3d at 1110). Given the plaintiff's failure to explain in the supporting affidavit how the requested information is essential in that regard, her request must be denied. *See Cerveny*, 855 F.3d at 1110; *see also Gutierrez v. Cobos*, 841 F.3d 895, 909 (10th Cir. 2016) (finding no abuse of discretion in denial of Rule 56(d) motion where motion "did not explain *how* specific information was *essential* to [the plaintiffs'] summary judgment opposition"); *Handy v. City of Sheridan*, 636 F. App'x 728 735 (10th Cir. 2016) (unpublished) (stating, with respect to a party's Rule 56(d) burden, that "mere assertions that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable do not suffice").

In sum, a party seeking discovery on jurisdictional issues must articulate how what they would uncover affects jurisdiction. The plaintiff did not. Her motion must therefore be denied.

## CONCLUSION

For the foregoing reasons, it is ORDERED that:

(1) Plaintiff's Motion to Convert Defendant United States of America's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) to a Motion for Summary Judgment Under Fed. R. Civ. P. Rule [sic] 56, ECF No. 47, is **GRANTED in part**;

(2) The Court **CONVERTS** the portion of the motion to dismiss, ECF No. 35, brought under Fed. R. Civ. P. 12(b)(1) that argues that the Court lacks subject matter jurisdiction because defendant United States has not waived sovereign immunity into a motion filed pursuant to Fed. R. Civ. P. 56; and

(3) Plaintiff's Motion to Allow for Discovery Pursuant to Fed. R. Civ. P. 56(f) and to Allow for Evidentiary Hearing Before Determination on the Motion to Dismiss, ECF No. 46, is **DENIED**.

Entered and dated this 24th day of April, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

10